[Cite as *Nelson v. Ohio Bur. of Motor Vehicles*, 2011-Ohio-4579.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PENNY ANN NELSON

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2011-01089-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} Plaintiff, Penny Ann Nelson, stated she received a citation issued by a local law enforcement officer on May 23, 2010, for failing to stop at a stop sign in Gahanna, Ohio. Plaintiff further stated she was unable to show proof of insurance because "I kept my cards at home." Subsequently, plaintiff called her insurance company and learned that her policy had been cancelled "by my ex." Plaintiff related, "I got insurance on May 27th. I mailed in my fine and that copy of insurance on July 2nd." Plaintiff submitted a copy of the Gahanna court's case details listing the stop sign offense and the notation "guilty/waiver." Plaintiff paid a fine and court costs. Plaintiff maintained that her case data with her Gahanna address was sent to defendant, Bureau of Motor Vehicles (BMV), by court personnel. Plaintiff also pointed out that the ticket she received on May 23, 2010, listed her address as 6431 Crescent Way Norfolk, VA 23513, and that she presented to the officer a Virginia driver's license which expired in 2015.

{¶2} Plaintiff related that on November 13, 2010, "I was pulled over for my license plates being 2 days expired. I was then informed my driver's license had been

suspended and the BMV had an order put out to confiscate my plates." Plaintiff contended she never received notice that her license was suspended. According to plaintiff, she contacted BMV and learned that the notice had been sent to an address in Colorado and that it had been returned to BMV as undeliverable. Plaintiff insisted she had not resided in Colorado since 2007, that she was a military spouse until September 2010, and that inasmuch as she was a dependent of a person in the military she was not required to change her license. Plaintiff related she moved to Ohio from Virginia in 2008 and her car has been registered in Ohio for the past two years. In addition, plaintiff claimed that "[e]very time I move I put in a change of address."

{¶3} In describing her damages, plaintiff stated, "I had to wait until December 1, 2010 to get my car back, my license back and my registration renewed. That's when I had money coming in. On the 1st, I went and got my license reinstated, went to Johnstown BMV, renewed my registration and went to Johnstown PD to get the impound release. I then went to get my car. I discovered my plates were gone. I had to go back to the BMV and get new plates." Plaintiff contended, "[h]ad the BMV used the current information (like my Ohio registration or what the Gahanna mayor's court had sent in), I would have received the notice and taken care of the matter immediately." Plaintiff filed this complaint seeking to recover $495.84 for towing and storage expenses, new plates, and a late fee imposed during the registration process. The filing fee was paid.

{¶4} Defendant denied any liability in this matter asserting BMV issued plaintiff a "notice of suspension pursuant to her failure to provide insurance to a police officer or to the court after she received a traffic ticket on May 23, 2010." Defendant maintained R.C. 4509.101 prohibits the operation of a motor vehicle without proof of financial responsibility. See R.C. 4509.101.[1]

---

[1] R.C. 4509.101which prohibits operation of a motor vehicle without proof of financial responsibility states in relevant part:

"(A) (1) No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle."

"(2) Whoever violates division (A)(1) of this section shall be subject to the following civil penalties:

"(a) Subject to divisions (A)(2)(b) and (c) of this section, a class E suspension of the person's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of time specified in division (B)(5) of section 4510.02 of the Revised Code and impoundment of the person's license. The court may grant limited driving privileges to

{¶5} On July 7, 2010, defendant sent plaintiff a Notice of Suspension letter pursuant to R.C. 4509.101(D)(5). R.C. 4509.101(D)(5)(a) states as follows:

{¶6} "(5)(a) Upon receiving notice from a clerk of courts or traffic violations bureau pursuant to division (D)(4) of this section, the registrar shall order the suspension of the license of the person required under division (A)(2)(a), (b), or (c) of this section and the impoundment of the person's certificate of registration and license plates required under division (A)(2)(d) of this section, effective thirty days after the date of the mailing of notification. The registrar also shall notify the person that the person must present the registrar with proof of financial responsibility in accordance with this section, surrender to the registrar the person's certificate of registration, license plates, and license, or submit a statement subject to section 2921.13 of the Revised Code that the person did not operate or permit the operation of the motor vehicle at the time of the offense. Notification shall be in writing and shall be sent to the person at the person's last known address as shown on the records of the bureau of motor vehicles. The person, within fifteen days after the date of the mailing of notification, shall present proof of financial responsibility, surrender the certificate of registration, license plates, and license to the registrar in a manner set forth in division (A)(4) of this section, or submit the statement required under this section together with other information the person considers appropriate.

{¶7} "If the registrar does not receive proof or the person does not surrender the certificate of registration, license plates, and license, in accordance with this division, the registrar shall permit the order for the suspension of the license of the person and the impoundment of the person's certificate of registration and license plates to take effect."

{¶8} Defendant mailed the Notice of Suspension letter to plaintiff at 608 W.2nd Florence, CO 81226. According to defendant, this address was on file due to a previous

---

the person only if the person presents proof of financial responsibility and has complied with division (A)(5) of this section.

"* * *

"(d) In addition to the suspension of an owner's license under division (A)(2)(a), (b), or (c) of this section, the suspension of the rights of the owner to register the motor vehicle and the impoundment of the owner's certificate of registration and license plates until the owner complies with division (A)(5) of this section."

traffic citation issued to plaintiff while she was driving in Ohio in 1999. Defendant contended this address was the address on record in the BMV's driver's license database for plaintiff as of May 23, 2010. The notice was returned to BMV with the stamp "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

{¶9} Defendant contends BMV acted properly in that BMV is required to provide notice to persons "at the person's last known address as shown on the records of the bureau." See R.C. 4501.022.[2] Defendant explained that the notice provisions are governed by Ohio Adm. Code section 4501:1-10-01.

{¶10} Ohio Adm. Code section 4501:1-10-01 states, in relevant part:

{¶11} "(D) The bureau of motor vehicles (BMV) shall maintain a drivers' record data file which shall include the last known address of each driver, commercial driver, motorcycle operator, or temporary permit holder licensed by the state of Ohio. For the purpose of this rule, the last known address of the driver, commercial driver, motorcycle operator, or temporary permit holder shall be the address entered on the most recent application submitted by that person unless the bureau of motor vehicles receives notice of, and enters, a new address in accordance with this paragraph. Upon receipt of a written or electronic notice of a new address submitted by a driver, commercial driver, motorcycle operator, or temporary permit holder pursuant to division (D) of section 4506.14 or division (C) of section 4507.09 of the Revised Code, the BMV shall, within twenty-eight days, enter the new address in the drivers' record data file.

{¶12} "(E) The bureau of motor vehicles shall maintain a vehicle registration data file which shall include the last known address of the registered owner of each motor vehicle registered in the state of Ohio. For the purpose of this rule, the last known address of the owner shall be the address entered on the most recent motor vehicle

---

[2]R.C. 4501.022 states as follows:

"(A) The registrar of motor vehicles shall determine the necessary or appropriate method by which written notice of an order suspending a motor vehicle driver's or commercial driver's license or requiring the surrender of a certificate of registration and registration plates may be provided to the person holding the license or the certificate of registration and registration plates. Division (A) of this section does not apply if the registrar is required to provide notification by use of a method specified by law.

"(B) Pursuant to rules adopted by the registrar, the bureau of motor vehicles shall implement proof of mailing procedures to provide verification that written notice of an order suspending a motor vehicle driver's or commercial driver's license or requiring the surrender of a certificate of registration and registration plates was sent to the person holding the license or the certificate of registration and registration plates."

registration submitted by the owner, unless the bureau of motor vehicles receives notice of, and enters, a new address in accordance with this paragraph. Upon receipt of a written or electronic notice of a new address submitted by an owner or lessee of a motor vehicle holding a certificate of registration pursuant to division (E) of section 4503.101 of the Revised Code, the bureau of motor vehicles shall, within twenty-eight days, enter the new address in the vehicle registration data file.

{¶13} "(F) Written notice of any order *which relates only to requiring the surrender of a certificate of registration or registration plates, or both, but does not relate in any way to the revocation, cancellation, or suspension of a driver's license,* commercial driver's license, motorcycle operator's license or endorsement, or temporary permit, shall be sent by regular mail to the owner's last known address contained in the vehicle registration data file in accordance with paragraph (E) of this rule.

{¶14} "(G) Written notice of all other orders, including orders revoking, canceling, or suspending a driver's license, commercial driver's license, motorcycle operator's license or endorsement, or temporary permit, and any orders requiring the surrender of a certificate of registration or registration plates, or both, if there is any underlying relationship between that surrender and any action revoking, canceling, or suspending a driver's license, commercial driver's license, motorcycle operator's license or endorsement, or temporary permit, shall be sent by regular mail to the driver's, commercial driver's, motorcycle operator's, or temporary permit holder's last known address contained in the drivers' record data file in accordance with paragraph (D) of this rule." (Emphasis added.) Thus, defendant is required to give written notice of driver's license suspensions by regular mail sent to the last known address of the person whose license is suspended. *State v. May* (July 19, 1995), Ross App. 94CA2075. Defendant argued that BMV does not accept the address listed by a mayor's court or the address contained on the vehicle registration form to be acceptable options for changing the address in the data base. Indeed, defendant contended if a driver wished to change the listed address, "he or she must provide BMV written or electronic notice of the change of address * * * . The BMV does not have any record of Plaintiff giving notice of a change of address in the driver's record data file." In the instant claim, evidence has shown BMV complied with the requisite notice provisions in mailing the July 7, 2010 Notice of Suspension letter to plaintiff's listed address in

Colorado. Pursuant to statutory authority, defendant suspended plaintiff's license effective August 6, 2010.

{¶15} Resulting monetary damages are recoverable when plaintiff proves, by a preponderance of the evidence, defendant erroneously records driver's license information. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD.

{¶16} Plaintiff filed a response explaining that she has never had an Ohio driver's license and that she has not lived in Colorado since 2007. Plaintiff then explained "I was a military spouse from Feb 2000 'til Sept. 2010. We moved around, but not to Ohio. I have always put in a change of address." Plaintiff again insisted that the address listed on the May 23, 2010 ticket or the address listed in accordance with her vehicle registration should have been used by BMV to provide notice of the suspension.

{¶17} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. Despite the plaintiff's allegations in her complaint and in her response, the file is devoid of any evidence to verify plaintiff informed BMV of her address every time she moved. Indeed, the court does not find plaintiff's assertions to be credible.

{¶18} Upon review of all the evidence submitted, the court finds defendant's records were accurate under the circumstances when plaintiff's cause of action accrued. *Elliott v. Bureau of Motor Vehicles* (2002), 2001-02104-AD, jud. Considering the information available to defendant, insufficient evidence has been offered to show that BMV acted improperly in sending the notice to the Colorado address. No evidence has been presented to establish BMV failed to comply with statutory requirements for sending the notice. Therefore, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PENNY ANN NELSON

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2011-01089-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Penny Ann Nelson
6207 Polo Drive West
Columbus, Ohio  43229

Anne Vitale, Associate Legal Counsel
Department of Public Safety
Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio  43218-2081

SJM/laa
5/12

Filed 6/1/11/
Sent to S.C. reporter 9/12/11